**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SPENCER MARTIN, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>FORWARD SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No.: ______________ |

**COMPLAINT**

Named Plaintiff Spencer Martin ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Forward Solutions, LLC Defendant ("Forward Solutions") and alleges as follows:

**NATURE OF THE ACTION**

1. In this collective action for unpaid wages brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq*., Named Plaintiff alleges that Defendant willfully violated the FLSA by misclassifying and failing to compensate him and other similarly situated individuals who worked for Forward Solutions and entities it acquired ("Acquired Entities") as salaried salespersons or marketing professionals ("the Sales and Marketing Professionals") for all hours worked, including those in excess of 40 per week at the required overtime premium rate.

## THE PARTIES

2. Forward Solutions is a foreign limited liability company with its principal office address located at 73 Cedar Avenue, Hershey, PA, 17033.

3. Forward Solutions may be served through its registered agent, Corporate Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

4. Forward Solutions employs salespersons and marketing professionals who handle sales calls, conduct audits and assessments, perform product demonstrations, complete business reviews, and provide sales targeting and planning strategies to various industries across its eight divisions: Avision; Curate; C3 Team; Electris360; OneSolution; Boren, Inc.; StruXur; and Xpand Demand.

5. Named Plaintiff worked for Forward Solutions and one of the Acquired Entities within the three years preceding the filing of this Complaint.

6. Named Plaintiff worked for Forward Solutions and one of the Acquired Entities as a salesperson.

7. Other similarly situated individuals are interested in joining this

action.

## JURISDICTION AND VENUE

8. Under 28 U.S.C. § 1331, this Court has jurisdiction over the Sales and Marketing Professionals' claims because their claims raise questions of federal law.

9. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because Forward Solutions resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

10. Forward Solutions is subject to personal jurisdiction in this Court because it conducts substantial business in Georgia and has a registered agent in Georgia.

11. Forward Solutions may be served through its registered agent, Corporate Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## DEFENDANT IS COVERED BY THE FLSA

12. Forward Solutions is an enterprise engaged in commerce and the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

13. Forward Solutions employs two or more individuals who regularly communicate across state lines using the internet, mail, and telephone while performing their job duties.

14. Forward Solutions employs two or more individuals who process credit card transactions while performing their job duties.

15. Forward Solutions' gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.00.

## BACKGROUND FACTS

16. Named Plaintiff was hired as a national account salesman for Integrated Access Corporation ("IAC") in April of 2021.

17. IAC was a foreign profit corporation with its principal office address located in Wayne, PA, 19087.

18. On or about January 25, 2022 Forward Solution was formed as the umbrella brand for the following preexisting companies: Avision; Curate; OneSolution; Allynt Solutions; and C3Consluting. Forward Solutions acquired Utility Sales Associates on or around July 26, 2022.

19. On or about January 10, 2023, Forward Solutions acquired IAC, which immediately became its new business to business service division. IAC was rebranded as Xpand Demand on or about May 20, 2024.

20. On or about August 15, 2023, Forward Solutions announced its acquisition of ElectroRep Inc., R/B Sales Corporation, Madigan McCune & Associates, and Upper Midwest Utility Sales. ElectroRep Inc. and R/B Sales merged to form Electris360, whereas Madison McCune and Upper Midwest

Utility merged with its existing division, StruXur.

21. The job duties for Named Plaintiff and similarly situated Sales and Marketing Professionals did not change after Forward Solutions acquired IAC or any of the Acquired Entities.

22. All of IAC's former similarly situated salespersons and marketing professionals were initially retained by Forward Solutions.

23. Upon information and belief, Forward Solutions retained each of the salespersons and marketing professionals working for the Acquired Entities at the time each acquisition.

24. Forward Solutions made no changes to the salaries of IAC's former salespersons and marketing professionals and continued to pay their salaries bi-weekly, just as IAC did.

25. Upon information and belief, Forward Solutions made no changes to the salaries or pay schedules of any salesperson or marketing professional it obtained from the Acquired Entities at the time of each acquisition.

26. Forward Solutions knew that the Acquired Entities were not paying their salespersons and marketing professionals overtime for any hours worked over 40.

27. Forward Solutions did not pay any of the Sales and Marketing Professionals overtime for hours worked over 40.

28. After transitioning into employees of Forward Solutions, Plaintiff and similarly situated Sales and Marketing Professionals continued to login to Salesforce Lightning at the beginning of their shifts and utilize RingCentral to make or accept calls to or from Forward Solutions' clients.

29. Although RingCentral tracked the amount of time Named Plaintiff and similarly situated Sales and Marketing Professionals spent on phone calls, neither Forward Solutions nor any of the Acquired Entities tracked or monitored the total amount of hours Sales and Marketing Professionals worked each day.

30. Although the FLSA requires an employer to pay its employees 1.5 times their regular rate of pay for all hours worked over 40, Forward Solutions and the Acquired Entities refused to pay the Sales and Marketing Professionals for all of their time.

**COUNT I: VIOLATION OF THE FLSA- OVERTIME**

31. The FLSA requires employers to compensate employees who are on duty at a prescribed workplace and requires payment for all hours worked, including those over 40. 29 CRF § 553.221(b).

32. Sales and Marketing Professionals were entitled to be paid for all hours worked during the continuous workday, including those in excess of 40 per work week, which must be paid at a rate of one and one-half times the

regular rate.

33. Forward Solutions and the Acquired Entities misclassified Named Plaintiff and similarly situated Sales and Marketing Professionals as salaried employees and denied them overtime for hours worked in excess of 40 per work week.

34. Forward Solutions and the Acquired Entities did not keep accurate records of all hours worked by Named Plaintiff and similarly situated Sales and Marketing Professionals.

35. Sales and Marketing Professionals regularly worked more than 40 hours per week while employed by Forward Solutions and the Acquired Entities.

36. Forward Solutions and the Acquired Entities failed to pay Sales and Marketing Professionals 1.5 times their regular rate of pay for any hours worked over 40 per workweek.

37. Forward Solutions and the Acquired Entities suffered or permitted the Sales and Marketing Professionals to work hours in excess of 40 on a consistent basis.

38. Forward Solutions and the Acquired Entities knew that the Sales and Marketing Professionals worked more than 40 hours a week on a consistent basis.

39. Despite knowing that the Sales and Marketing Professionals worked more than 40 hours per week, Forwards Solutions and the Acquired Entities chose not to pay the Sales and Marketing Professionals the proper overtime premium rate for all hours worked over 40 per workweek.

40. Forward Solutions and the Acquired Entities violated the FLSA's overtime provision willfully and with reckless disregard for the Sales and Marketing Professionals' rights.

41. Forward Solutions has continued the operations of all of the Acquired Entities.

42. Forward Solutions knew that the Acquired Entities were not paying their salespersons and marketing professionals 1.5 times their regular rate of pay for any hours worked over 40 per workweek.

43. The Acquired Entities did not continue as separate entities after their acquisitions and thus cannot provide relief to any of the Sales and Marketing Professionals.

44. Forward Solutions is liable to the Sales and Marketing Professionals for all unpaid overtime wages accumulated while they worked for Forward Solutions and the Acquired Entities, an equal amount in liquidated damages, interest, and attorneys' fees and costs of litigation.

## DEMAND FOR JUDGMENT

The Sales and Marketing Professionals respectfully request that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendant's actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and other similarly situated under the FLSA;

III. Declare that Defendant's violations of the rights of Named Plaintiff and other similarly situated under the FLSA were willful;

IV. Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V. Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI. Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses;

VII. Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

VIII. Award pre- and post- judgment interest at the maximum rates allowable

by law; and

IX. Award all other just and appropriate relief to which the Sales and Marketing Professionals may be entitled.

**DEMAND FOR JURY TRIAL**

Named Plaintiff, on behalf of himself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted, this May 22, 2025.

**PARKS, CHESIN & WALBERT, P.C.**
1355 Peachtree Street NE
Suite 2000
Atlanta, GA 30309
Telephone: 404-873-8000
jmays@pcwlawfirm.com
jdean@pcwlawfirm.com

*<u>/s/ James D. Dean</u>*
John L. Mays
Georgia Bar No. 986574
James D. Dean
Georgia Bar No. 696656

*Counsel for Plaintiff*